**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**IN RE:**

| | |
|---|---|
| **RICHARD ALLEN BROWN** | **CHAPTER 13** |
| **KAREN DENISE BROWN** | **NO. 05-50975** |
| **DEBTORS** | |

**MEMORANDUM OPINION**

This matter came before the Court on Motion to Vacate Order Confirming Plan (Dock. #52) filed by creditor CitiCorp Trust Bank ("CitiCorp"). The Court has considered the authorities cited in the motion and heard argument of counsel for CitiCorp, the Debtors and the Chapter 13 Trustee at a hearing held February 2, 2006. A review of the progression of this case is set forth below and provides ample support for the Court's determination that CitiCorp's motion should be overruled.

On April 8, 2005, the record reflects the filing of Notice of Appearance of Attorney for CitiCorp Trust Bank (Doc3. #9). On June 3, 2005, the Chapter 13 Trustee filed of record her report and recommendation as to confirmation (Dock. #12) of Debtors' initial proposed plan, which report did not recommend confirmation for the reason that CitiCorp's mortgage was not properly recorded. The Trustee's report stated that CitiCorp's claim should be paid inside the plan

with a secured value of $0 and that the plan should be amended to treat CitiCorp's claim as unsecured.

Thereafter, the Debtors submitted their Amended Chapter 13 Plan (Dock. #13), which incorporated the recommended changes set forth in the Trustee's report. In paragraph III.A. of the Plan, CitiCorp's estimated claim is set forth with a proposed secured value of zero, which claim was to be paid inside the plan, on a pro-rata basis with all other allowed secured claims, to the extent of the proposed secured value. The effect of such a proposal was that CitiCorp's claim would be treated as a general unsecured claim (see paragraph V.B.), to be paid on a pro-rata basis over the period of the plan, after payment of administrative, secured and priority claims. Additionally, paragraph VII. of the Plan, entitled Special Provisions, stated that the CitiCorp would be paid at a secured value of zero ($0.00) and that the claim [would be] treated as unsecured for payment at the same rate as the other unsecured creditors. The Debtors served copies of their Amended Plan on June 4, 2005 to all creditors, including CitiCorp's counsel of record (see, Certificate of Service of Plan, Dock. #14).

An Order continuing the confirmation hearing (Dock. #15) in the Debtors' case until July 5, 2005 was entered on June 7, 2005 and was served on CitiCorp's counsel of record. No objection to confirmation was filed by CitiCorp or by any other creditor, and the Trustee recommended confirmation. The Amended Plan was confirmed by Order entered July 7, 2005, and the Order of Confirmation (Dock. #23) was likewise served on CitiCorp's counsel. CitiCorp filed no post-confirmation challenges relating to its claim or the treatment of its

2

claim by the plan until September 29, 2005, at which time CitiCorp sought relief from the stay (Dock. # 27), alleging that no payments had been made on its mortgage since July 2005. Thereafter, both the Chapter 13 trustee and the Debtors objected to CitiCorp's motion (see Dock. #s 28 and 29, respectively) on grounds that the creditor's interest in the subject property was not properly perfected. The Trustee averred that the signature page of the CitiCorp's mortgage was missing and not recorded in the Madison County Court Clerk's office. CitiCorp simply replied that it did in fact have a valid, and validly recorded, mortgage (Dock. #30). The matter was set for hearing on November 3, 2005, the Court's regular Chapter 13 hearing day, but there was no appearance by CitiCorp's counsel and the motion for stay relief was overruled. The Chapter 13 Trustee was ordered to escrow funds until the mortgage issue was resolved (Dock. # 36).

On November 9, 2005, CitiCorp moved to reconsider the Court's order, alleging again that it had a valid recorded mortgage (Dock. #41). CitiCorp's motion was set for December 1, 2005, but again, there was no appearance by CitiCorp's counsel on its motion, so again, its motion was overruled (Dock. #44). On December 5, 2005, CitiCorp brought yet another motion for stay relief (Dock. #45), to be heard on January 5, 2006, to which the Debtors and the Chapter 13 Trustee again objected. The Chapter 13 Trustee also submitted an Affidavit on January 3, 2006 (Dock. #48), which indicated that she had traveled to the Madison County Court Clerk's office to review the subject mortgage and determined that the signature page for Citicorp's' mortgage was

3

missing. Further, the Trustee states that she took with her a copy of Citicorp's' mortgage as attached to its Proof of Claim which reflected the clerk's recording stamp with a document and page number and which an employee of the clerk's office verified as being a valid document number properly linked in the clerk's computer records to the property described in the mortgage. The next day, CitiCorp withdrew its motion for relief from stay.

On January 17, 2006, CitiCorp obtained new co-counsel and on January 20, 2006, CitiCorp filed the subject Motion To Vacate Order Confirming Plan. The Court has read and considered the points made by CitiCorp both in its Motion and at oral argument thereon but does not agree that vacating the July 2005 confirmation order is appropriate. While the Court may well have been persuaded by the merits of CitiCorp's motion had it been raised as an objection to confirmation or an appeal from the confirmation order, the terms of the confirmed plan and the need for finality of the order of confirmation preclude the Court from taking the action now sought by CitiCorp.

Section 1327 of the Bankruptcy Code states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan. 11 U.S.C. 1327(a). The record of this case clearly demonstrates that CitiCorp was served with notice of the Debtors' Amended Plan well in advance of confirmation. Furthermore, the provisions of the Amended Plan which proposed to treat CitiCorp's claim as unsecured were clearly set forth in two separate paragraphs of the Amended

4

Plan. CitiCorp has presented no authority that supports its position that the Court should now entertain either a motion to vacate the confirmation order or even for stay relief, as it repeatedly tried to do.

The authorities CitiCorp offers in support of its position do not provide a basis for the requested relief. *In re Roberts,* case no. 04-10526, Memorandum Opinion, January 4, 2005 (Dock. #47) was a case decided by this Court last year involving a post-confirmation effort by debtors to avoid their mortgage lien after having provided in their confirmed plan that the mortgagee's claim would be treated as unsecured but without provision for avoidance of the mortgage lien. The Debtors in the instant case have made no such motion to avoid CitiCorp's lien. Furthermore, CitiCorp should have addressed the objectionable provisions in the Amended Plan before or at the time of confirmation of the plan. Likewise, *In re Thacker*, case no. 04-61964, Order entered May 12, 2005 (Dock. # 42) involved similar issues to the present case, but the arguments against the Debtors' plan were made before confirmation, not after.

An order confirming a Chapter 13 plan is res judicata as to all justifiable [sic] issues that were, or could have been, decided at the confirmation hearing. *In re Wellman,* 322 B.R. 298, 301 (6th Cir. BAP 2004) (quotation omitted). Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. *Id.* Because CitiCorp had both notice and opportunity to raise the matters regarding Debtors' Amended Plan about which it now complains prior to confirmation, and either elected not to

5

or simply let its opportunity pass by, it is precluded from asking the Court to consider such matters now.

The court will enter a separate Order incorporating the terms of this Memorandum Opinion and overruling CitiCorp's Motion to Vacate Order Confirming Plan.

Copies to:

John P. Brice, Esq.
Laura L. Drake, Esq.
Chris Carter, Esq.
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Monday, February 06, 2006**
(jms)